**In re Petition for DISCIPLINARY ACTION AGAINST Patricia G. MATTOS, a Minnesota Attorney, Registration No. 143698.**

No. A06–1931.

Supreme Court of Minnesota.

Oct. 10, 2007.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Patricia G. Mattos committed professional misconduct warranting public discipline, namely, neglect of two client

matters, lack of candor toward a tribunal in one of those matters, and failure to communicate with the client in the other matter, in violation of Minn. R. Prof. Conduct 1.3 and 3.3.

Respondent has unconditionally admitted the allegations of the petition and with the Director recommends that the appropriate discipline is a public reprimand and two years of supervised probation.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Patricia G. Mattos is publicly reprimanded and placed on supervised probation for a period of two years from the date of entry of this order, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by its due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

Respondent shall pay $900 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

BY THE COURT:

/s/ Russell A. Anderson
Chief Justice